UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WISCONSIN

FRIENDS OF MILWAUKEE'S RIVERS AND
ALLIANCE FOR THE GREAT LAKES,

        Plaintiffs,

        v.         Case No. 02-C-0270

MILWAUKEE METROPOLITAN
SEWERAGE DISTRICT,

        Defendant.

ORDER DENYING PLAINTIFFS' MOTION TO RECONSIDER (DOC #89) AND
GRANTING IN PART PLAINTIFFS' MOTION TO SUPPLEMENT THE RECORD
(DOC #100)

        The plaintiffs have two motions pending. The first asks the court to reconsider the admissibility of Exhibit 26, an October 6, 2004, letter from Jo Lynn Traub of Region 5 of the U.S. Environmental Protection Agency (EPA) to Amy Smith of the Wisconsin Department of Natural Resources (WDNR). The second seeks to supplement the record with Exhibit 58, which includes a copy of the summons and complaint of a suit filed in Milwaukee County Circuit Court on October 27, 2005, by the State of Wisconsin against the Milwaukee Metropolitan Sewerage District (MMSD). The motions are discussed separately below.

Motion to Reconsider the Admissibility of Exhibit 26

        During the evidentiary hearing held on August 24, 2005, the court ruled that Exhibit 26 could not be introduced into evidence because a proper foundation had not been established, and that Exhibit 26 was inadmissible hearsay which could not be used

to refresh the recollection of witness Charles G. Burney. At the continuation of that hearing on August 25, 2005, plaintiffs proposed obtaining an affidavit from Traub to authenticate Exhibit 26, so that they could again move to admit Exhibit 26 into evidence. Defendant reiterated its hearsay objection, and offered to stipulate to the authenticity of Exhibit 26.

Plaintiffs contend that Exhibit 26 is admissible as a public record under Fed. R. Evid. 803(8). In support of this contention, plaintiffs argue that Exhibit 26 sets forth the "activities" of the EPA, and should be admissible under a broad interpretation of Fed. R. Evid. 803(8)(A). According to defendant, Exhibit 26 does not report on the activities of the EPA but rather sets forth a number of conclusory suggestions and beliefs. Further, the defendant contends that Exhibit 26 contains factual inaccuracies that indicate a lack of trustworthiness.

Fed. R. Evid. 803(8)(A) does not allow "preliminary or interim evaluative opinions" of agency staff into evidence. *See Smith v. Isuzu Motors Ltd.*, 137 F.3d 859, 862 (5th Cir. 1998). Fed. R. Evid. 803(8)(C) provides a hearsay exception for "factual findings resulting from an investigation made pursuant to authority granted by law" unless those findings lack trustworthiness. *Id.* If memoranda reflecting the preliminary opinions of agency staff members were admissible under Fed. R. Evid. 803(8)(A), then Rule 803(8)(C)'s limitations would be meaningless. *Id.*

From the face of the exhibit, it is clear that the letter includes the opinions and recommendations of Region 5 of the EPA, as communicated by Traub, that were formulated not from an independent investigation of MMSD by the EPA, but from information provided by WDNR during a meeting between Smith and Traub. For example, the EPA's recommendation that MMSD "be required both to take a more active

2

role in monitoring and controlling the volumes of flow entering their systems from the satellites, and to implement CMOM in their separated collection system earlier than scheduled in the stipulation" appears to be the result of WDNR's opinion that "had all the additional controls required by the stipulation been completed, the May 2004 overflow events would still have occurred," rather than the result of an independent investigation of the EPA (Letter from Traub to Smith of 10/6/04, at 3).

Further, plaintiffs contend that Exhibit 26 is admissible because it may be replaced with proper evidence at trial. The plaintiffs cited *Eisenstadt v. Central Corp.*, 113 F.3d 738, 742 (7th Cir. 1997) for the proposition that "some courts have . . . allowed letters, articles, and other unattested hearsay documents to be used as evidence in opposition to summary judgment." The plaintiffs also cite Judge Posner's example of a potentially admissible "unattested hearsay document" - "An example would be a letter admissible only because the signature on it had not been verified and there was no doubt that it could and would be." *Id.* However, Judge Posner further remarks that "Any broader dispensation to disregard the rules of evidence in summary judgment proceedings would make it impossible ever to grant summary judgment, . . . " *Id.* Irrespective of whether the current proceeding is akin to a summary judgment proceeding, Exhibit 26 is not commensurate with the scope of the narrow exception outlined by Judge Posner in *Eisenstadt*. Consequently, the court finds that Exhibit 26 is inadmissible hearsay and does not qualify for the public records hearsay exception under Rule 803(8). Even if Exhibit 26 fell within Rule 803(8), it is not sufficiently reliable or trustworthy to overcome the rule against admission of hearsay evidence.

Motion to Supplement the Record with Exhibit 58

In a second motion, plaintiffs ask the court to supplement the record with Exhibit 58, which includes a copy of the summons and complaint in Case No. 05-CX-13 filed in Milwaukee County Circuit Court on October 27, 2005, by the State of Wisconsin against MMSD, more than three and one-half years after the filing of the complaint in the present case. In addition, the plaintiffs ask the court to take judicial notice of the statements within the complaint under Fed. R. Evid. 201.

Under Rule 201, a court may take judicial notice of adjudicative facts as long as they are not "subject to reasonable dispute" in that they are (1) generally known within the territorial jurisdiction of the trial court, or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot be questioned. Fed. R. Evid. 201(a) and (b). In *General Electric Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1081-1083 (7th Cir. 1974), the Seventh Circuit followed the Second and Eleventh Circuit Court of Appeals in holding that courts "generally cannot take notice of findings from other proceedings for the truth asserted therein because these are disputable and usually are disputed." Case No. 05-CX-13 remains pending in Milwaukee County Circuit Court. As such, it is inappropriate for the court to take judicial notice of the allegations in Exhibit 58 in that they are still open to dispute.

However, a court may take judicial notice of a document filed in another court not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings. *United States v. Jones*, 29 F.3d 1549, 1553 (11th Cir. 1994) (citing *Liberty Mut. Ins. Co. v. Rotches Pork Packers, Inc.*, 969 F.2d 1384, 1388 (2nd

Cir. 1992)).  As such, Exhibit 58 is admissible for the limited proposition that on October 27, 2005, the State of Wisconsin filed suit against MMSD.

In a reply brief in support of its motion to supplement the record, plaintiffs further contend that Exhibit 58 should be admitted to the record "because it contains the conclusions of the Wisconsin Department of Natural Resources and the Department of Justice (DOJ), . . . and is the result of these agencies' investigation . . . ," and that Exhibit 58 is squarely within the exception for public records set forth in Fed. R. Evid. 803(8) (Pls.' Reply Br. at 3).

Although WDNR and/or the DOJ may have conducted an investigation leading to the filing of the complaint shown in Exhibit 58, the complaint merely recites unproven allegations against MMSD.  Courts have found complaints to be inadmissible hearsay when offered to prove the truth of their contents.  See *Century 21 Shows v. Owens*, 400 F.2d 603, 609-610 (8th Cir. 1968) ("The divorce petitions were properly refused into evidence as they constituted hearsay declarations").  If the results of any investigation performed by WDNR and/or the DOJ are available to the plaintiffs, there are alternative means to introduce such evidence into the record, without resorting to the allegations in Case No. 05-CX-13 that may or may not be based on an investigation performed by WDNR and/or the DOJ.  Hence, the court finds that Exhibit 58 is inadmissible hearsay and does not qualify for the hearsay exception for public records under Fed. R. Evid. 803(8).  On the other hand, Exhibit 58 is admitted for the limited proposition that the State of Wisconsin filed suit against MMSD on October 27, 2005.  Accordingly,

IT IS ORDERED that plaintiffs' motion to reconsider the admissibility of Exhibit 26 is denied.

IT IS FURTHER ORDERED that plaintiffs' motion to supplement the record with Exhibit 58 is granted in part to the limited extent that plaintiffs are seeking to establish the existence of the action to which it refers.

Dated at Milwaukee, Wisconsin, this 20th day of September, 2006.

BY THE COURT

s/ C. N. CLEVERT, JR.
C. N. CLEVERT, JR.
U. S. District Judge