UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WISCONSIN

---

FRIENDS OF MILWAUKEE'S RIVERS,
LAKE MICHIGAN FEDERATION,

    Plaintiffs,

    v.                Case No. 02-C-0270

MILWAUKEE METROPOLITAN
SEWERAGE DISTRICT,

    Defendant.

---

DECISION AND ORDER
GRANTING PLAINTIFFS' MOTION TO SUPPLEMENT THE RECORD
CONCERNING MMSD'S SEWER OVERFLOWS ON MARCH 13 AND APRIL 3, 2006
(DOC. # 111), GRANTING PLAINTIFFS' MOTION TO SUPPLEMENT THE RECORD
WITH MMSD'S ADMISSIONS OF DEFICIENCIES OF
THE 2002 STIPULATION (DOC. # 116), AND GRANTING DEFENDANT'S
REQUEST TO ADMIT EXHIBITS 1010-1018 IS GRANTED

On September 29, 2003, this court granted the defendant's motion to dismiss and ruled that this lawsuit was barred because Wisconsin had taken judicial and administrative enforcement actions to diligently prosecute the defendant's violation of the Clean Water Act (CWA). Alternatively, the court found that this suit was barred by the doctrine of res judicata.

The Seventh Circuit Court of Appeals remanded, asking this court to consider whether the 2002 Stipulation was "calculated in good faith to bring about compliance with the Act." Specifically, the appeals court wrote:

> Because we cannot state with certainty on the basis of this record whether the 2002 Stipulation is calculated to result in compliance with the Act, we therefore remand for a determination of that

> issue. Specifically, the district court should determine whether the systemic inadequacies of MMSD's sewerage facilities will be sufficiently ameliorated by the proposed remedial projects to result in compliance. If the district court concludes, after giving some deference to the judgment of the State, that there is a realistic prospect that violations due to the same underlying causes purportedly addressed by the 2002 Stipulation will continue after the planned improvements are completed, the plaintiffs' suit may proceed. If, after a more detailed examination of the 2002 Stipulation, the district court concludes that no such prospect exists, it may so find, provide a thorough explanation of its conclusion and consider reinvocation of the res judicata bar. However, before reimposing a res judicata bar, the district court should determine whether Wisconsin's fairness exception to the res judicata doctrine should be applied here.

*Friends of the Milwaukee Rivers v. MMSD*, 382 F.3d 743, 760 (7th Cir. 2004). Accordingly, the court conducted an evidentiary hearing on August 25-26, 2005, and ordered post-hearing briefing. After the evidentiary hearing, plaintiffs moved to supplement the record with press releases concerning overflows on March 13 and April 3, 2006 (Exhibits 59-61), and a November 14, 2005, letter from MMSD's Executive Director, Kevin Shafer, to Gerald Novotny of the WDNR (Exhibit 62).

Plaintiffs argue that the three SSO overflows in 2006 highlight "that the systemic inadequacies of MMSD's sewerage facilities will not be sufficiently ameliorated by the proposed remedial projects contained in the 2002 stipulation." In addition, the November 14, 2005, letter allegedly "confirms that the 2002 Stipulation will not bring MMSD into compliance with the requirements of the Clean Water Act." The letter explains how the capacity requirement of the 2002 Stipulation will be implemented by reconfiguring two projects, the Wisconsin Avenue and Port Washington Sewer Projects.

Both motions to supplement will be granted. However, this evidence is only marginally relevant unless placed in context, and weighed against the 2002 Stipulation and

2

the remedies provided, as well as the remedial projects designed to require compliance. Consequently, this court will also grant defendant's request to admit Exhibits 1010-1018, which provide additional information on the SSOs reported in plaintiffs' Exhibits 59-61.

Now, therefore,

IT IS ORDERED that plaintiffs' motion to supplement the record concerning MMSD's sewer overflows on March 13 and April 3, 2006, is granted.

IT IS FURTHER ORDERED that plaintiffs' motion to supplement the record with MMSD's admissions of deficiencies respecting the 2002 stipulation is granted.

IT IS FURTHER ORDERED that defendant's request to admit Exhibits 1010-1018 is granted.

Dated at Milwaukee, Wisconsin, this 29th day of March, 2007.

BY THE COURT

s/ C. N. CLEVERT, JR.
C. N. CLEVERT, JR.
U. S. DISTRICT JUDGE